IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| GLOBAL GROUND AUTOMATION, INC., | § § § § | |
|---|---|---|
| | § | Case No. 6:15-cv-0002 |
| Plaintiff, | § § | |
| v. | § § | |
| GROUND MANAGEMENT HOLDINGS, LLC, et al., | § § § § | |
| Defendants. | § § | |

## DEFENDANTS' MOTION TO COMPEL EMAIL PRODUCTION

### INTRODUCTION

Plaintiff failed to produce documents, including emails, as required by the stipulated Discovery and E-Discovery orders entered in this case. Thirty-eight (38) days have passed since the discovery deadline, and Defendants are increasingly prejudiced by this discovery disparity. Defendants respectfully ask the Court to (1) compel Plaintiff to produce documents, including emails, per this Court's orders, and (2) award Defendants their expenses and fees incurred by bringing this motion.

### BACKGROUND

**A. The Parties Provided Stipulated Discovery and E-Discovery Orders.**

In response to the Court's expedited discovery ruling (Case No. 6:08-cv-374, Dkt. No. 115 at 2), the parties met and conferred in order to resolve the handling of discovery and e-discovery. On January 16, 2015, the parties filed stipulated

1

Discovery and E-Discovery Orders. Dkt. Nos. 21-22. On January 21, 2015, the Court adopted those stipulated orders. Dkt. Nos. 24 and 25, *attached here as* Exs. 2 and 3.

As part of the discovery requirements, the parties agreed to limited email production. Specifically, section 6 of the E-Discovery order notes

> 6. Due to the expedited discovery schedule, mediation deadline, and evidentiary hearing date, **compliance with the mandatory disclosure order of this court includes limited e-mail production**, strictly confined to [1] U.S. Patent No. 5,953,706; [2] the previous GroundRez litigation, no. 6:08-cv-00374; Defendants' use, or lack thereof, of the "GroundRez system" (specifically, the central booking service, Global Distribution System Tools, Corporate Booking Tools, and Booking System); Defendants' development and use of current systems; and transactions between GroundRez Defendants, Blue Star Infoteck (UK) Limited, and Blue Star Infortech Limited (India). Plaintiff's specified search terms, custodians, and relevant time period appear in the Discovery Order.

Ex. 2 [Dkt. No. 23], § 6 (emphasis added).

### B. Plaintiff Failed to Abide By the Agreed Discovery Deadline.

The parties agreed that they would each provide emails according to the scope described in the Discovery and E-Discovery orders. Ex. 2 [Dkt. No. 23], § 2; Ex. 3 [Dkt. No. 24], § 6. The parties also agreed that discovery would end "forty-five (45) days after the Scheduling Conference." Ex. 2 [Dkt. No. 23], § 2. Section 2 of the Discovery Order reads in pertinent part:

> 2. Additional Disclosures. **Each party shall provide the other party with the following information:**
>
> **A. Within forty-five (45) days after the Scheduling Conference** and without awaiting a discovery request, a copy of all documents, data compilations and tangible things in the possession,

2

custody, or control of the party that are relevant to pleaded claims or defenses involved in this action. Specifically, relevant to pleaded claims, are documents, data compilations and tangible things related to, inter alia,
- U.S. Patent No. 5,953,706 ("the '706 Patent")
- The 6:08-cv-374 litigation between CGA and GroundRez, LLC ("prior litigation")
- . . .

Ex. 2 [Dkt. No. 23] at § 2 (emphasis added). Forty-five (45) days from the Scheduling Conference conducted on February 5, 2015 was March 1, 2015. Thus, the discovery deadline was March 1, 2015. As of the filing of this motion, April 8, 2015, thirty-eight (38) days have passed since discovery ended. Plaintiff Global Ground Automation, Inc. has yet failed to provide any emails in accordance the Court's orders.

### C. Plaintiff Failed to Raise Disagreements as Required by the Discovery and E-Discovery Orders.

When the parties stipulated to the Discovery and E-Discovery orders, they agreed that the deadline for raising any discovery issues was January 15, 2015, ten (10) days after the Scheduling Conference. For examples, the parties agreed to raise "any issues" with discovery by that date:

> **14. Electronic Discovery and Production.** The parties met and conferred on any electronic and discovery production issues. The parties are submitting an agreed ESI order [Ex. 3], concurrently with this Discovery Order, on January 15, 2015. **Should the parties disagree on any issues, the parties shall submit competing proposals to the Court by January 15, 2015** setting a status/scheduling conference.

Ex. 2 [Dkt. No. 23], § 14 (emphasis added).

3

When the March 1, 2015 deadline passed, Plaintiff had still not produced any emails. Plaintiff made no attempt to contact Defendants to raise issues regarding the production—it just simply failed to produce anything. After Defendants arranged a meet and confer, Plaintiff provided a variety of excuses. First, Plaintiff argued that discovery pertained to Defendant only, and that Defendant had no right to production. Randall Garteiser ("Garteiser Decl.") at ¶ 7. Then, Plaintiff changed its position to be that they refused to produce any emails unless Defendant provided custodians and search terms. *See* Garteiser Decl. at ¶ 8; see also Ex. 1. Plaintiff also contended that the documents related to the prior litigation and '706 Patent is all privileged. Most recently, Plaintiff argued that it would now not produce any emails because it believed they could only pertain to Rule 11 obligations, and the deadline to file a Rule 11 motion had now passed. Garteiser Decl. at ¶ 9.

## ARGUMENT

### A. Plaintiff Must Be Compelled to Produce Relevant Emails

The Local Civil Rules of the Eastern District of Texas are intended to "eliminate the need for lengthy and costly paper discovery and depositions that formerly had to be used to worm even basic information out of an opponent." *Personal Audio, LLC v. Apple, Inc.,* 2011 U.S. Dist. LEXIS 146756, at *6 (E.D. TEX. 2011). In keeping with the spirit of streamlined discovery, this Court asked the parties to meet, confer and stipulate to discovery and e-discovery orders. On January 16, 2015 the parties filed stipulated proposed discovery and e-discovery orders. Dkt. Nos. 21, 22. On January 21 the Court accepted those proposals. Exs.

2,3 [Dkt. Nos. 23, 24]. Those orders required the parties to provide "e-mail production," including emails relevant to U.S. Patent 5,953,706 and the prior GroundRez litigation. Defendants complied with the Court's orders. Plaintiff did not.

Plaintiff failed to produce any email production whatsoever, contrary to the Court's orders that Plaintiff itself proposed to the Court jointly with Defendants. Ex. 2 [Dkt. No. 23], § 6; Ex. 3 [Dkt. No. 24], § 6. Plaintiff also failed to raise any issues regarding its position regarding email production prior to the discovery deadline. Instead, Plaintiff silently let the discovery deadline slip by. Plaintiff's behavior runs contrary to this Court's stance on streamlined discovery as well as this Courts orders to which Plaintiff expressly agreed.

The arguments Plaintiff raises are untenable. First, Plaintiff argues that discovery was one-sided and only applicable to Defendants. In other words, Plaintiff argues that it is not required to produce emails at all under any circumstances. This stance is clearly in conflict with the Discovery and E-Discovery Orders. For example, the Discovery Order requires "Each party shall provide to every other party" information including data pertinent to U.S. Patent 5,953,706 and the litigation between GGA and GroundRez, LLC. Ex. 2 [Dkt. No. 23], § 2. Plaintiff's stance that it outright owed Defendants no e-mail discovery, and its failure to communicate this stance until well after the close of discovery, is inappropriate and strikes of gamesmanship.

Second, Plaintiff refuses to produce emails without being provided search terms and custodians. This objection is untimely, as Plaintiff should have raised it when the parties drafted the proposed Discovery and E-Discovery orders. *See* Ex. 1 ("Defendant providing search terms . . . was not even proposed by Plaintiff during he drafting of either the Discovery Order or E-Discovery Order by Plaintiff.").[1] Moreover, instead of raising the issue during the course of discovery, Plaintiff decided to keep quiet and let the discovery deadline pass. Plaintiff cannot now raise this complaint more than a month after the discovery deadline has passed.

Third, Plaintiff argues that the prior litigation documents and emails are all privileged and therefore Defendants are not entitled to them. Defendants disagree, and again Plaintiff failed to raise this when it presented and Defendants agreed with the stipulated proposed Discovery Order and E-Discovery Orders. Now, after Defendants have produced thousands of pages and undergone tremendous expense in defending themselves, Plaintiff attempts to get around its failure to provide a privilege log from the end of prior litigation against GroundRez and December 23, 2014, the day before the filing of its Christmas Eve Ex Parte TRO motion with the Court. Again, this occurred under circumstances of Plaintiff attempting to purchase Defendants businesses for over 12 months.

---

[1] It is questionable whether Defendants could even have supplied search terms and custodians had Plaintiff requested them in time. For example, Defendants were not parties to the prior GroundRez litigation and thus not informed regarding who the proper custodians would be. *See* Ex. 1. Also, Plaintiff did not request search terms or custodians be identified in the stipulated proposed orders presented to the Court like Defendants had included to assist with production of documents in the latter categories of documents identified by the Court as relevant.

6

Fourth, on April 6, Plaintiff argued that it need not produce emails because they arguably would only be relevant to its Rule 11 pre-suit obligations, and the deadline to file a Rule 11 motion has passed. Defendants strongly disagree that production is only relevant to Rule 11.[2] Even so, Plaintiff cannot withhold email production over a deadline disagreement, or worse, benefit from disobeying the Court's discovery orders. *See Order*, Case No. 6:12-cv-235, Dkt. 363, *attached here as* Ex 4 (granting motion to compel over party's objection that discovery deadline conflicted with interrogatory deadline). Plaintiff's belief that emails are irrelevant does not free it from its obligation to produce those emails.

Defendants respectfully ask the Court to compel Plaintiff to produce e-mails relevant to the areas outlined in the discovery and e-discovery orders.

**B. Plaintiff must pay Defendants' fees associated with bringing this action.**

In the event that the Court grants Defendant's motion to compel, the Court must also "order the party whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorneys' fees." FED. R. CIV. PRO. 37(a)(5)(A); Memorandum Opinion and Order, Case No. 6:10-cv-74, Dkt. No. 647, *attached as* Ex. 5. The Court may only refuse to award fees "if the opposing party's nondisclosure was 'substantially justified." Ex. 5. The Court may also award fees and expenses for "a party's failure to comply with a court order under Rule 26(f) or 37(a)." FED. R. CIV. PRO. 37(b); Ex. 5.

---

[2] The Court indicated at its January 5, 2015 Hearing, that both parties would be conducting limited expedited discovery and that would include emails on the prior litigation and the '706 Patent. The Court ordered the parties to meet and confer and file with the Court a stipulated proposed Discovery Order and a stipulated proposed E-Discovery Order. Plaintiff has prejudiced Defendants through its conduct in preparing for depositions and for this hearing.

7

Plaintiff should be required to pay Defendants attorneys' fees and expenses associated with this motion, as required by F.R.C.P. § 37(a)(5)(A). *See* Ex. 5 (awarding fees after party failed to provide sufficient discovery). Plaintiff failed to produce emails by the discovery deadline to which it stipulated to; Plaintiff failed to inform Defendant until well after the deadline that its production would be deficient; and Plaintiff's reasons for continuing to withhold discovery are not reasonable. Moreover, Plaintiff agreed that "meaningful compliance with this order and effects to promote efficiency and reduce costs will be considered in cost-shifting determinations." Ex. 3 [Dkt. 24], § 3. Plaintiff was well aware that non-compliance with the Court's discovery order would result in cost-shifting under Rule 37.

Accordingly, Plaintiff should be ordered to reimburse Defendants for making them file this motion.

## CONCLUSION

Plaintiff failed to produce emails as required by the stipulated Discovery and E-Discovery orders entered in this case. Defendants respectfully ask the Court to (1) compel Plaintiff to produce emails per this Court's orders, and (2) award Defendants their expenses and fees incurred by bringing this motion.

Respectfully Submitted,

/s/ Randall T. Garteiser
Randall Garteiser
Christopher A. Honea
Kirk J. Anderson

**GARTEISER HONEA PLLC**
218 N. College Ave
Tyler, TX 75702
(888) 908-4400 phone and fax
rgarteiser@ghiplaw.com
chonea@ghiplaw.com
kanderson@ghiplaw.com

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I, Randall T. Garteiser, am the ECF User whose ID and password are being used to file this document. I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule 5-1 on this day.

/s/ Randall T. Garteiser
Randall T. Garteiser

## CERTIFICATE OF CONFERENCE

Counsel for Defendants met and conferred with counsel for Plaintiff. Plaintiff opposes this motion to compel.

/s/ Randall T. Garteiser
Randall T. Garteiser