UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| GLOBAL GROUND AUTOMATION, INC. | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 6:15-cv-002 RWS-JDL |
| | § | |
| ORISSA HOLDINGS, LLC, GROUND | § | JURY DEMANDED |
| MANAGEMENT HOLDINGS, LLC, | § | |
| Individually and d/b/a GROUNSPAN, and | § | |
| GROUNDWIDGETS | § | |
| | § | |
| Defendants. | | |

## ORDER ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

The above entitled and numbered civil action was referred to United States Magistrate Judge John D. Love pursuant to 28 U.S.C. § 636. The Report and Recommendation of the Magistrate Judge ("R&R"), which contains his proposed findings of fact and recommendation for the disposition of such action, has been presented for consideration (Doc. No. 62). The Magistrate Judge recommended denying contempt, finding that the products were not more than colorably different, but that the Plaintiff failed to discharge its burden in showing the newly accused product actually infringes. *Id.* Defendants Orissa Holdings LLC (d/b/a GroundSpan), Ground Management Holdings LLC (d/b/a GroundWidgets) (collectively "Defendants") filed objections to the R&R with respect to the Magistrate Judge's finding that the products were not more than colorably different (Doc. No. 71), to which Plaintiff Global Ground Automation, Inc. ("GGA") filed a response (Doc. No. 72). Plaintiff GGA also filed objections to the R&R, with respect to the Magistrate Judge's infringement finding (Doc. No. 70), to which Defendants filed a response (Doc. No. 73). The Court will take up each party's objections in turn.

1

## I. Colorable Differences Analysis

Defendants generally object to the Magistrate Judge's findings regarding colorable differences because (1) the Report did not include an analysis of all of the contended and proved features of the prior product to the newly accused product; and (2) the evidence relied on by the Magistrate Judge was conclusory or inconsistent. (Doc. No. 71, at 2-8.)

To prove that there were not more than colorable differences between the GroundRez system previously found to infringe and the newly accused GroundSpan system, GGA's expert "analyzed the source code of the GroundRez/GroundSpan system, and found that it showed a single, continuously-developed product with no significant changes to any of the features found to infringe." (Doc. No. 60, at 10.) Defendants object to this approach because infringement of the GroundRez system was previously found by default judgment and no source code was relied on in proving infringement. (Doc. No. 71, at 2.) Specifically, Defendants argue that this method would contravene the *TiVo* Standard, referring to the statement in *TiVo* that "one should focus on those elements of the adjudged infringing product that the patentee previously contended, and proved, satisfy specific limitations of the asserted claims." (Doc. No. 71, at 2); *TiVo Inc. v. EchoStar Corp.*, 646 F.3d 869, 882 (Fed. Cir. 2011).

Although not considered in the R&R, the Federal Circuit has since made clear that its statement in *TiVo* is not a strict limitation to those elements previously proven or adjudged to have infringed, particularly in the case of a default judgment. *See Merial Ltd. V. Cipla Ltd.*, 681 F.3d 1283, 1300 (Fed. Cir. 2012) ("But when, as here, infringement has been established through default, the judgment is no less binding or authoritative simply because comprehensive and painstaking factual analyses regarding every claim limitation may have been unnecessary or impractical at the time of the initial decision.") Thus, because it was previously adjudged to

infringe by default, the GroundRez product indisputably meets each limitation of the asserted claims of the '706 Patent. Where Plaintiff's expert did a thorough comparison of the source code for each product and found no significant differences, and specifically found that the particular APIs previously identified as infringing the claims of the '706 Patent by the GroundRez system are present and in active use in the new GroundSpan system, the Court cannot find that such an approach is improper under the *TiVo* standard. Regardless, the Court finds no error by the Magistrate Judge in relying on testimony provided at the hearing to further support the conclusion that there are not more than colorable differences between the GroundRez and GroundSpan systems.

In the R&R, the Magistrate Judge cites testimony from Defendants' corporate witness, Mr. Patel, that no changes were made to the system after the 2011 injunction issued, and that changes made were only to provide the appearance that the system was different. (Doc. No. 62, at 10.) Defendants object to the Magistrate Judge's finding that this testimony was strong circumstantial evidence that the infringing features of the systems were the same. (Doc. No. 71, at 7-8.) The Court agrees with the Magistrate Judge that Mr. Patel's testimony provides circumstantial evidence that the infringing features are the same because Mr. Patel unambiguously testified that the only changes made were to the "terminology" and "the screens" for appearance purposes, and no other changes were made to the code. Tr. at 64:8-65:1; 69:18-25; 70:1-7.

Defendants also object to the Magistrate Judge's reliance on the testimony of Plaintiff's expert because the testimony was conclusory and inconsistent. (Doc. No. 71, at 3.) Specifically, Defendants challenge Dr. Nettles' identification of a switch in the GroundSpan system because he acknowledged he did not pinpoint where exactly "the switch" was located in the code. (Doc.

No. 71, at 3.) Although Dr. Nettles did not pinpoint "exactly the thing" that acts as a switch, the Magistrate Judge did not err in relying on this testimony because Dr. Nettles testified that the server software itself acts as the claimed switch and ultimately found that there were no significant differences between the infringing GroundRez software and the newly accused GroundSpan software. Accordingly, the Court finds that the Magistrate Judge did not err in concluding there were not more than colorable differences between the GroundRez system and the newly accused GroundSpan system.

## II. Infringement Analysis

Plaintiff GGA objects to the Magistrate Judge's finding that GGA has failed to present clear and convincing evidence that Defendants' GroundSpan system infringes the asserted claims of the '706 Patent. (Doc. No. 70, at 1.) Specifically, GGA objects that the Magistrate Judge erred in requiring GGA to prove infringement on a limitation-by-limitation basis because GGA proved infringement through *res judicata*. *Id.* As a preliminary matter, GGA does not dispute that *TiVo* clearly sets forth a two-prong test for proving contempt. Nor does GGA dispute that it did not provide a limitation-by-limitation infringement analysis for the GroundSpan system. Rather, GGA contends that the second prong of the *TiVo* test, which requires proving the newly accused product actually infringes the asserted patent, was met through *res judicata*. (Doc. No. 70, at 2.)

In support of its contention that the second prong of *TiVo* can be met through *res judicata*, GGA cites to a case not previously presented to the Magistrate Judge, *Merial Ltd. v. Cipla Ltd.* 681 F.3d 1283. (Doc. No. 70, at 3.) Specifically, GGA contends that the "Federal Circuit has found contempt under *TiVo* when the patent owner proved that the current product was essentially the same as the product previously found to infringe, but did not directly compare

4

the current product to the claims." *Id.* However, GGA mischaracterizes *Merial*. While it is true that in *Merial* the Federal Circuit affirmed the district court's finding that the second prong of *TiVo* was met where no limitation-by-limitation analysis of the newly accused product to the claims was conducted, the Federal Circuit ultimately affirmed the finding because an infringement analysis was done by comparing the plaintiff's commercial embodiment to the newly accused product on a limitation-by-limitation basis. *Merial*, 681 F.3d at 1301. Indeed, in *Merial*, although the Federal Circuit clarified that for purposes of contempt infringement can be found through a comparison of a commercial embodiment to the newly accused product, that approach was sanctioned where the district court specifically compared the products and found that the concentrations in the new product were "synergistically effective amounts *as recited in the claims*." *Merial*, 681 F.3d at 1301 (emphasis added).

Here, GGA did not conduct the infringement analysis sanctioned in *Merial*. GGA has not, nor does it claim to have, conducted an infringement analysis of its own commercial embodiment to the GroundSpan system. And, more importantly, GGA has made no effort to analyze the GroundSpan system in view of the claims of the '706 Patent. Instead, GGA would like to extrapolate the holding in *Merial* to find that because the GroundRez system indisputably infringes, and GGA has compared the source code of the GroundRez system to the source code of the newly accused GroundSpan system, that it has proven the GroundSpan system infringes for purposes of contempt. Under GGA's interpretation, a plaintiff would have to do no more than simply prove that there are no significant differences between the products to satisfy the infringement prong under *TiVo*.

This Court is reluctant to collapse the two-prong test of *TiVo* as GGA would like. Particularly, the Court is disinclined to decide, on first impression, that *res judicata* can be

5

applied to satisfy the infringement prong of *TiVo* on the facts of this case because to do so would be to effectively have the first prong of *TiVo* swallow the second whole. GGA's expert has not compared the GroundSpan system to the GroundRez system on a limitation-by-limitation basis. Admittedly, his analysis was to compare the source code of the products and show the code contains no significant differences. (Doc. No. 70, at 7-9.) While the Court finds that this analysis in conjunction with his testimony was sufficient to show that there are not more than colorable differences between the products, it is insufficient to prove infringement.

The remaining arguments presented were either new arguments not presented in the original briefing, which the Court will not now consider, or those already properly considered by the Magistrate Judge. With the supplements contained herein, the Court adopts the Report and Recommendation of the United States Magistrate Judge as the findings of this Court. All objections are **OVERRULED** and the finding that Plaintiff GGA has not shown contempt is affirmed.

**SIGNED this 2nd day of December, 2015.**

*[signature]*
ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE